# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2013

No. 12-10398

Lyle W. Cayce
Clerk

CATHY BAILEY, Individually and as Representative of the Estate of Corey
Deon Bailey, deceased,

Plaintiff-Appellee

v.

JULIA QUIROGA; CRAIG ELLIOTT; TIMOTHY CLICK; DANIEL
MORENO; QUINTON LACY,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-865

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal in which five individual Defendants who
were detention officers at the Dallas County Jail assert qualified immunity.
This court has no jurisdiction to review this kind of interlocutory appeal except
"to the extent that [the district court's denial of summary judgment] turns on an
issue of law." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (quoting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-10398

*Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985)) (en banc). Defendants appeal the denial of their separate motions for summary judgment on the ground that Plaintiff failed to prove that her son's death resulted "directly and only" from the use of excessive force. Because the answer to that question of law determines the correctness of the judgment, we have jurisdiction of the appeal.

We have previously rejected Defendants' interpretation of language requiring that a victim's injury resulted "directly and only" from the use of excessive force. This language comes from our decision in *Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989) (en banc). In *Mouille v. City of Live Oak*, the defendants argued that *Johnson*'s "directly and only" language "require[d] plaintiffs to provide expert medical testimony showing that the plaintiff's injury was caused *exclusively* by the defendant's conduct." 918 F.2d 548, 553 (5th Cir. 1990) (emphasis added). We rejected that interpretation, stating that "[t]he [directly-and-only] language quoted from *Johnson* cannot be isolated to create a new and different rule of proof"—that is, above ordinary proof of causation. *Id.* Accordingly, *Mouille* clarifies that Plaintiff in this case was not required to present evidence that Defendants' use of excessive force was the *exclusive* cause of her son's death; so long as the injury resulted from "clearly excessive and objectively unreasonable" force, her claim is actionable. *Id.*

Rejecting that issue appealed and having no jurisdiction to review the existence or decision of factual issues, we affirm the judgment.

AFFIRMED.